# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **REGINALD DANE PARKER #1478803** | § | |
| | § | |
| **V.** | § | A-08-CA-540-SS |
| | § | |
| **BRYAN WHOOLERY, TED KNIGHT,** | § | |
| **TRAVIS COUNTY SHERIFF'S** | § | |
| **DEPARTMENT, SIDNEY PARKER, and** | § | |
| **JONATHAN GRAY** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 1); the Motion for Summary Judgment filed by Defendant Gray (Document No. 24); the Motion for Summary Judgment filed by Defendants Parker and Knight (Document No. 25); and the Motion for Summary Judgment filed by Defendant Whoolery (Document No. 26). Plaintiff did not file a response thereto despite being given an extension of time in which to do so and being warned no further extensions would be granted. Instead of filing a response, Plaintiff filed a Request to Stay Federal Court Proceedings Pending Final Disposition of his State Criminal Appeal (Document No. 34). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

# I. BACKGROUND

In this civil rights complaint, Plaintiff alleges Defendant Whoolery and Deputy Szimanski[1] shot at his vehicle several times as he was driving away. Plaintiff claims neither were wearing a uniform or badge. Plaintiff states Defendant Whoolery lied on "official paperwork" that he and Deputy Szimanski were in uniform and were wearing badges and that Plaintiff was fired upon only after Plaintiff allegedly tried to run over Defendant Whoolery. Plaintiff alleges Ted Knight acted the same as Defendant Whoolery, and Sidney Parker and Jonathan Gray "lied to establish probable cause to arrest [and] falsified evidence." Plaintiff claims, as a result, he has been charged with aggravated assault on a public servant, evading arrest in a vehicle, and felony theft. He sues Bryan Whoolery, Travis County Sheriff's Deputy; Ted Knight, Travis County Sheriff's Deputy; the Travis County Sheriff's Department; Sidney Parker, Investigator for the Travis County Sheriff's Department; and Jonathan Gray, Game Warden for the Texas Parks and Wildlife Department ("TPWD"). Plaintiff did not name Deputy Szimanski as a defendant. Plaintiff requests the Court to order a "Justice Department investigation" and seeks $4,000,000 in damages.

Defendants Whoolery, Knight, Parker and Gray were served and have answered. They move for summary judgment. According to Defendants, Plaintiff was the subject of a Travis County Sheriff's Office ("TCSO") Wire Theft Task Force investigation. See County Defendants' Ex. D-1 at 9170019. Plaintiff was suspected of stealing copper wire, stripping it and dumping it. Id. Defendants assert on February 16, 2007, Plaintiff's whereabouts were tracked to the scene of the Old State School. Id. Sergeant Whoolery, Deputy Szimanski and Deputy Knight were allegedly instructed by Task Force leader Detective Parker to enter the Old State School property on foot. Id.

---

[1] Plaintiff refers to this officer as Czmanski.

The officers radioed that they could hear and see Plaintiff cutting at something that appeared to be copper on the roof and inside the manholes on the property. Id. Parker allegedly gave the go ahead to arrest Plaintiff. Id. Defendants indicate Whoolery was positioned two feet in front of Plaintiff's vehicle and had to jump out of the way to avoid being hit as Plaintiff's vehicle quickly accelerated. See County Defendants' Ex. D-1 at 9170019. As the vehicle passed, Defendants assert Whoolery fired three shots at the rear tire on the passenger side of Plaintiff's vehicle to avoid a vehicle pursuit. See County Defendants' Ex. C and A-1 at 2450058. Whoolery allegedly informed Szimanski to radio the other car units that Plaintiff was driving away. Id. According to Defendants, Plaintiff continued to flee in his vehicle and eventually off the roadways. See County Defendants' Ex. D-1 at 9170019. Defendants assert Sergeant Gray and Travis County Deputy Ramsey approached Plaintiff's vehicle and ordered him to surrender. Id. According to Defendants, Plaintiff backed up his vehicle and almost ran over Deputy Ramsey. Id. Plaintiff then allegedly fled down an embankment and crashed into a tree, fleeing on foot into the woods. Id. Additional TCSO units, along with Austin Police Department Air One and Travis County Canine, were brought in to help apprehend Plaintiff. Id. Plaintiff was finally arrested that night by the Austin Police Department, when Plaintiff attempted to report his car being stolen. Id.

According to Defendants, TCSO affiant Craig Smith wrote a probable cause affidavit for the plaintiff's arrest for the criminal charge of Evading Arrest and Detention. See County Defendants' Ex. B at 121009A-1210009B. The affidavit was signed by a magistrate on February 16, 2007. Id. On October 15, 2007, a Travis County grand jury returned an indictment for Evading Arrest – Vehicle, Enhanced as to Reginald Dane Parker, as well as several other indictments. See County Defendants' Ex. B. On December 12, 2007, the 403rd Judicial District Court of Travis County found

Plaintiff guilty of felony evading arrest and sentenced Plaintiff to eight years in prison. See County Defendants' Ex. B at 1210001-1210002.

Defendants assert their entitlement to qualified immunity. Defendant Whoolery argues Plaintiff has failed to state a proper claim for excessive use of force, as Plaintiff had not alleged an actual injury. Defendants Knight and Parker point out that Plaintiff has not alleged that they used any force at all. Defendants Whoolery, Knight, Parker and Gray also argue Plaintiff's false arrest claims are barred by Heck v. Humphrey, 114 S. Ct. 2364 (1994). With regard to Plaintiff's claims made against Defendants Whoolery, Knight and Parker in their official capacities, the defendants argue Plaintiff has failed to identify any official policy, custom or practice, as the moving force of his alleged constitutional violation. Defendant Gray argues Plaintiff's claims brought against him in his official capacity are barred by Eleventh Amendment immunity.

## II. ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

The Court will analyze Plaintiff's claims brought against the Travis County Sheriff's Department under 28 U.S.C. § 1915(e). An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro

se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

The Travis County Sheriff's Department is not a legal entity capable of being sued. See, Guidry v. Jefferson County Detention Center, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Additionally, Plaintiff's complaint against the Sheriff's Department is that it failed to timely investigate his claim of excessive use of force. However, a prisoner "does not have a federally protected liberty interest in having [his] grievances resolved to his satisfaction." Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005). For the reasons listed above, Plaintiff's claims against the Travis County Sheriff's Department should be dismissed.

  B. Standard of Review Under Fed. R. Civ. P. 56(c)

The remaining defendants move for summary judgment. A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); Fed. R. Civ. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322, 106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24, 106 S. Ct. at 2554. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Fed. R. Civ. P. 56(e); Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

    C.    Eleventh Amendment Immunity

Defendant Gray, as an officer of the TPWD, is immune from suit for monetary damages under the Eleventh Amendment because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89, 104 S. Ct. 900 (1984). The Eleventh

Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083, 1087 (1994).

    D.    Travis County Liability

Plaintiff's claims against Defendants Whoolery, Knight and Parker in their official capacities are the same as if the claims were brought against Travis County. However, a political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. Id; Collins v. City of Harker Heights, Tex., 916 F.2d 284, 286 (5th Cir. 1990), aff'd, 503 U.S. 115, 112 S. Ct. 1061 (1992). Thus, Travis County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. Bennett v. City of Slidell, 728 F.2d 762, 768 (5th Cir. 1984), cert. denied, 472 U.S. 1016, 105 S. Ct. 3476 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." Pembaur v. Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292, 1299 (1986). Plaintiff has failed to identify a policy, practice or custom of Travis County that caused a deprivation of his constitutional rights.

7

E.  Heck v. Humphrey

Plaintiff's complaint is not entirely clear. However, he appears to raise a false arrest claim against Defendants Whoolery, Knight, Parker and Gray. He alleges they all lied to establish probable cause for his arrest. However, the only specific lies some of the defendants allegedly made were with regard to whether the defendants were in uniform and wearing badges at the time they attempted to arrest Plaintiff. Plaintiff generally alleges the defendants fabricated other evidence to bolster their claim. However, Plaintiff fails to specify what evidence he contends was fabricated.

At the time Plaintiff filed his complaint, he had been arrested for theft, evading arrest, and assault on a peace officer. Plaintiff was ultimately convicted of felony evading arrest and was sentenced to eight years in prison. Plaintiff's appeal of his conviction is currently pending. See Parker v. State, No. 03-08-00044-CR (Tex. App. – Austin). Plaintiff requests the Court to stay this case during the pendency of his appeal. Plaintiff's request should be denied, as his claims are currently barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994).

In Heck, the Supreme Court stated that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Heck, 114 S. Ct. at 2372; see also Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). Where no such offer of proof is made, the plaintiff's claim has not yet accrued. Heck, 114 S. Ct. at 2374. The Fifth Circuit has held that under Heck, the maturity

of a Section 1983 claim depends on whether a judgment in the Plaintiff's favor would necessarily imply the invalidity of his conviction. Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996).

In this case, Plaintiff's claims stem directly from the incident for which he has been convicted in state court and represent a challenge to the legality of his conviction. A holding in Plaintiff's favor in this civil lawsuit would necessarily imply the invalidity of his conviction for evading arrest, because one of the prerequisites of an evading arrest charge is that the suspect "intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him." TEX. PENAL CODE § 38.04. Thus, in order to proceed in a Section 1983 lawsuit, Plaintiff must show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. This, Plaintiff has failed to do.

F. Excessive Force

Plaintiff does not make clear whether he is alleging a claim that Officer Whoolery used excessive force when he fired three shots at Plaintiff's tire. Claims of excessive force in the course of a seizure are analyzed under the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 388, 109 S. Ct. 1865 (1989). "To succeed on an excessive force claim [under 42 U.S.C. § 1983], a plaintiff bears the burden of showing (1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable." Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001) (internal quotation marks omitted). "In gauging the objective reasonableness of the force used," the court "must balance the amount of force used against the need for that force." Ikerd v. Blair, 101 F.3d 430, 434 (5th Cir. 1996).

Plaintiff does not allege he suffered any injury, physical or otherwise. Plaintiff also has failed to show the use of force was excessive to the need and the use of force was objectively unreasonable. The undisputed summary judgment evidence shows Defendant Whoolery shot three bullets into Plaintiff's rear passenger tire in an attempt to seize Plaintiff—who Whoolery had probable cause to believe was engaged in the commission of a felony—after nearly being run over by Plaintiff's vehicle. Accordingly, Plaintiff has failed to establish as constitutional violation.

## III. RECOMMENDATION

The undersigned recommends that the District Court **DENY** Plaintiff's Request to Stay [#34], **DISMISS WITHOUT PREJUDICE** Plaintiff's claims brought against the Travis County Sheriff's Department pursuant to 28 U.S.C. § 1915(e) for failure to state a claim, **GRANT** Defendants' Motions for Summary Judgment [#24-26], and **DISMISS WITHOUT PREJUDICE** to refiling Plaintiff's false arrest claim once the conditions of Heck are met.

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of October, 2009.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE