# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

**REGINALD DANE PARKER #1478803,**
        **Plaintiff,**

**-vs-**                                                                **Case No. A-08-CA-540-SS**

**BRYAN WHOOLERY, TED KNIGHT, TRAVIS COUNTY SHERIFF'S DEPARTMENT, SIDNEY PARKER, and JONATHAN GRAY,**
        **Defendants.**

## **O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Reginald Dane Parker ("Plaintiff")'s Complaint under 42 U.S.C. § 1983 [#1]; Defendant Jonathan Gray's Motion for Summary Judgment [#24]; Defendants Ted Knight and Sidney Parker's Motion for Summary Judgment [#25]; Defendant Bryan Whoolery's Motion for Summary Judgment [#26]; Plaintiff's motion to stay the case [#33], the Report and Recommendation of the Magistrate Judge [#35], and the Plaintiff's correspondence to the Court [#37]. Plaintiff, who is proceeding pro se, has been granted leave to proceed in forma pauperis. *See* Order [#4]. The Court notes Plaintiff has not filed a response to any of the foregoing motions for summary judgment, although the Magistrate Judge repeatedly gave him extensions of time to do so and finally warned him no further extensions would be granted. *See* Order of July 17, 2009.

All matters in this case were referred to the Honorable Andrew Austin, United States Magistrate Judge, for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of

Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended, effective December 1, 2002. On October 2, 2009, the Magistrate Judge issued his report and recommendation that Plaintiff's complaint be dismissed in its entirety. *See* Rep. & Rec. at 10. Plaintiff did not file objections to the Magistrate Judge's report and recommendation,[1] and thus the Court is not required to review the Magistrate Judge's report and recommendation de novo. *Thomas v. Arn*, 474 U.S. 140, 150–52 (1985). Nonetheless, having reviewed the complaint, the report and recommendation, the applicable law, and the case file as a whole, the Court ACCEPTS the Magistrate Judge's report and recommendation.

**BACKGROUND**

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County jail in Austin, Texas. Compl. at 3. Plaintiff sues Bryan Whoolery, a Travis County Sheriff's Deputy; Ted Knight, a Travis County Sheriff's Deputy; the Travis County Sheriff's Department; Sidney Parker, an Investigator for the Travis County Sheriff's Department; and Jonathan Gray, a Game Warden for the Texas Parks and Wildlife Department. *Id.* at 3. Plaintiff requests the Court order a "Justice Department investigation" and seeks $4,000,000 in damages. *Id.* at 4.

**I.    Plaintiff's Contentions**

In his civil rights complaint, which is somewhat vague, Plaintiff alleges Defendant Whoolery and a Deputy Szimanski1shot at his vehicle several times as he was driving away. *Id.* He claims

---

[1]Although Plaintiff did file a letter to the Court on November 9, 2009 [#37], the letter is not styled as objections to the Report and Recommendation, and makes no mention of the Report and Recommendation. Therefore, the Court will not treat it as such. In the letter, Plaintiff simply reurges his claim of innocence and the contentions contained in his complaint, which the Court has considered in full.

neither were wearing a uniform or badge, and both were approaching his car with guns in their hands when he drove away. *Id.* Plaintiff states Defendant Whoolery later lied on "official paperwork," saying he and Deputy Szimanski were in uniform and were wearing badges, and fired on Plaintiff only after Plaintiff allegedly tried to run over Defendant Whoolery, which Plaintiff claims is false. *Id.* Plaintiff claims, as a result, he has been charged with aggravated assault on a public servant, evading arrest in a vehicle, and felony theft, and is currently incarcerated. *Id.* He also alleges Defendant Ted Knight acted "the same as Defendant Whoolery," and Defendants Sidney Parker and Jonathan Gray "lied to establish probable cause to arrest [and] falsified evidence." *Id.* at 3.

In his letter to the Court, Plaintiff attaches his affidavit, which supports his version of events. *See* Letter [#37], Parker Aff. In the affidavit, he claims he went to the Travis State School at about 11:40 p.m. on February 15, 2007 in order to hunt hogs. It was about 12:32 a.m. when he realized he needed to leave to pick up his girlfriend. He got in his vehicle, turned it on, and saw two men walking toward him. They separated, with one walking to the driver side and one to the passenger side of his vehicle. Neither was wearing a uniform or badge. He clearly saw the man on his driver's side "coming up from the area of his waistline" with a gun. As Plaintiff's vehicle was already in gear with the motor running, he drove away. He heard pops and realized the men were shooting at him. He drove around a corner, and saw a Ford F-150 pickup truck coming toward his passenger side. The vehicle had no official markings or flashing lights. He avoided the pickup truck, but swerved into a tree. He jumped out of his vehicle before it hit the tree, then began to run. He called a cab and went to his niece's house, and then went home. *Id.*

He states he did not commit a crime at any time while he was on the grounds of the Old State School, he was not approached by anyone wearing a badge or shown a badge, he was not told he was

under arrest, and no one was placed in danger by his actions. *Id.* He also claims the men who shot at him were not Sergeant Whoolery or Deputy Szimanski. *Id.* Plaintiff claims he ultimately turned himself in when he became aware he had been involved in a police chase. *Id.* He claims he was framed for offenses he did not commit as a cover-up for the "unjustifiable use of deadly force."

## II. Defendant's Contentions

Defendants Whoolery, Knight, Parker and Gray were served and have answered, and now move for summary judgment. According to Defendants, Plaintiff was the subject of a Travis County Sheriff's Office ("TCSO") Wire Theft Task Force investigation. *See* County Defendants' Ex. D-1 (excerpts from the investigative file of Sidney Parker) at 9170019. Plaintiff was suspected of stealing copper wire, stripping it, and dumping it. *Id.* Defendants assert on February 16, 2007, Plaintiff's whereabouts were tracked to the scene of the Old State School. *Id.* Sergeant Whoolery, Deputy Szimanski and Deputy Knight were allegedly instructed by Task Force leader Detective Parker to enter the Old State School property on foot. *Id.* The officers radioed that they could hear and see Plaintiff cutting at something that appeared to be copper on the roof and inside the manholes on the property. *Id.* Parker allegedly gave the go ahead to arrest Plaintiff. *Id.* Defendants indicate Whoolery was positioned two feet in front of Plaintiff's vehicle and had to jump out of the way to avoid being hit as Plaintiff's vehicle quickly accelerated. *See* County Defendants' Ex. D-1 at 9170019. As the vehicle passed, Defendants assert Whoolery fired three shots at the rear tire on the passenger side of Plaintiff's vehicle to avoid a vehicle pursuit. *See* County Defendants' Ex. C and A-1 at 2450058. Whoolery allegedly informed Szimanski to radio the other car units that Plaintiff was driving away. *Id.* According to Defendants, Plaintiff continued to flee in his vehicle and eventually off the roadways. *See* County Defendants' Ex. D-1 at 9170019. Defendants assert

Sergeant Gray and Travis County Deputy Ramsey approached Plaintiff's vehicle and ordered him to surrender. *Id.* According to Defendants, Plaintiff backed up his vehicle and almost ran over Deputy Ramsey. *Id.* Plaintiff then allegedly fled down an embankment and crashed into a tree, fleeing on foot into the woods. *Id.* Additional TCSO units, along with Austin Police Department Air One and Travis County Canine, were brought in to help apprehend Plaintiff. *Id.* Plaintiff was finally arrested that night by the Austin Police Department, when Plaintiff attempted to report his car being stolen. *Id.*

According to Defendants, TCSO affiant Craig Smith wrote a probable cause affidavit for the plaintiff's arrest for the criminal charge of Evading Arrest and Detention. *See* County Defendants' Ex. B at 121009A-1210009B. The affidavit was signed by a magistrate on February 16, 2007. *Id.* On October 15, 2007, a Travis County grand jury returned an indictment for Evading Arrest – Vehicle, Enhanced as to Reginald Dane Parker, as well as several other indictments. *See* County Defendants' Ex. B. On December 12, 2007, the 403rd Judicial District Court of Travis County found Plaintiff guilty of felony evading arrest and sentenced Plaintiff to eight years in prison. *See* County Defendants' Ex. B at 1210001-1210002.

Defendants assert their entitlement to qualified immunity. Defendant Whoolery argues Plaintiff has failed to state a proper claim for excessive use of force, as Plaintiff had not alleged an actual injury. Defendants Knight and Parker point out that Plaintiff has not alleged that they used any force at all. Defendants Whoolery, Knight, Parker and Gray also argue Plaintiff's false arrest claims are barred by *Heck v. Humphrey*, 114 S. Ct. 2364 (1994). With regard to Plaintiff's claims made against Defendants Whoolery, Knight and Parker in their official capacities, the defendants argue Plaintiff has failed to identify any official policy, custom or practice, as the moving force of

his alleged constitutional violation. Defendant Gray argues Plaintiff's claims brought against him in his official capacity are barred by Eleventh Amendment immunity.

**ANALYSIS**

**I.    28 U.S.C. § 1915(e)**

    **a.    Legal Standard**

This Court may dismiss an in forma pauperis proceeding sua sponte under 28 U.S.C. § 1915(e) if it determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. The Court can dismiss an in forma pauperis proceeding for frivolousness or maliciousness at any point in the proceeding, whether or not the defendant has answered the complaint. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). District courts are vested with extremely broad discretion in making a determination of whether an in forma pauperis proceeding is frivolous, and may dismiss a claim as frivolous if the complaint lacks an arguable basis either in law or in fact. *See Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995).

The Court is cognizant of its duty when reviewing a pro se plaintiff's complaint to construe the plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The plaintiff's pro se status does not, however, give him "license to harass others, clog the judicial machinery with merit less litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

    **b.    Defendant Travis County**

The Magistrate Judge points out the Travis County Sheriff's Department is not a legal entity capable of being sued. *See* Rep. & Rec. at 5 (citing *Guidry v. Jefferson Cty. Detention Center*, 868

F. Supp. 189, 191 (E.D. Tex. 1994) (holding the Jefferson County Detention Center is not a legal entity subject to suit); *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding police and sheriff's departments are governmental subdivisions without capacity for independent legal action)). Plaintiff does not dispute this statement of the law, nor does he argue his case is an exception to this well-settled rule (which it is not). Additionally, Plaintiff's complaint against the Sheriff's Department is based on the Sheriff's Department's alleged failure to timely investigate his claim of excessive use of force. But a prisoner "does not have a federally protected liberty interest in having [his] grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Thus, because it is frivolous on its face, Plaintiff's claim against the Travis County Sheriff's Department is dismissed pursuant to § 1915(e).

II.    **Defendants' Motions for Summary Judgment**

   a.    **Legal Standard for Summary Judgment**

Summary judgment may be granted if the moving party shows there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In deciding summary judgment, the Court construes all facts and inferences in the light most favorable to the nonmoving party. *Richter v. Merchs. Fast Motor Lines, Inc.*, 83 F.3d 96, 98 (5th Cir. 1996). The standard for determining whether to grant summary judgment "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the nonmoving party based upon the record evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990).

Both parties bear burdens of production in the summary judgment process. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party has the initial burden of showing there is no

genuine issue of any material fact and judgment should be entered as a matter of law. FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322–23; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The nonmoving party must then come forward with competent evidentiary materials establishing a genuine fact issue for trial, and may not rest upon mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256–57; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the non-movant's burden. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

    **b.    Eleventh Amendment Immunity**

Defendant Gray is a sergeant game warden with the Texas Parks and Wildlife Department ("TPWD"). The TPWD is undisputedly an agency of the State of Texas, s*ee* TEX. PARKS & WILD. CODE § 11.01 (Vernon 1991), and Gray is a Texas state employee

The Eleventh Amendment provides that a state may not be sued, without its consent or in some cases a congressional override, by a private party. State officials or employees, such as Gray, in their official capacities are not "persons" amenable to suit for damages under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, any such official-capacity claims against them are in reality be claims against the state itself, and, therefore, are barred by the Eleventh Amendment. *See Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 n. 3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself."). The present case is no exception to this long-standing rule. The TPWD has not consented to suit expressly or through its conduct in this litigation, and § 1983 does not override the Eleventh Amendment immunity of the State. *Quern v. Jordan*, 440 U.S. 332, 342 (1979). Thus, the Eleventh Amendment divests this Court of

jurisdiction to entertain this suit against Gray in his official capacity. *See Port Auth. Trans-Hudson v. Feeney*, 495 U.S. 299, 304 (1990). Summary judgment must therefore be granted on that ground.

### c. Travis County Liability

Furthermore, Plaintiff's claims against Defendant Whoolery, Knight, and Parker in their official capacities, who are all employees of the Travis County Sheriff's Department, are effectively claims against Travis County itself. But a municipality, such as a county, cannot be held vicariously liable in § 1983 cases solely on the basis of vicarious or *respondeat superior* liability. *Monell v. Department of Social Services*, 436 U.S. 658, 693 (1978); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). A municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue, for example by establishing an unconstitutional policy or custom which resulted in the constitutional violation. *Whitt v. Stephens County*, 529 F.3d 278, 283 (5th Cir. 2008) (citation omitted); *James v. Texas Collin County*, 535 F.3d 365, 375 (5th Cir. 2008). Therefore, actions of individual officers or employees of a municipality do not render the municipality liable under § 1983 unless they are executing "official policy" of the municipality. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). The plaintiff must show the municipality's official policy is "so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).

In the present case, Plaintiff does not dispute he has failed to identify any policy, practice, or custom of Travis County that caused a deprivation of his constitutional rights. Thus, summary judgment must be granted on his claims against Defendants Whoolery, Knight, and Parker in their official capacities.

### d. *Heck v. Humphrey*

Finally, the Court agrees Plaintiff's false arrest claim—to the extent he raises it—is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and the Fifth Circuit's application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). In *Heck*, the Supreme Court held a plaintiff cannot recover damages under § 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction invalid, unless he can prove the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 487. The Fifth Circuit has held that under *Heck*, the maturity of a § 1983 claim depends on whether a judgment in the plaintiff's favor would necessarily imply the invalidity of his conviction. *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996).

Plaintiff's false arrest claim is based on the allegation Defendants lied and fabricated evidence to establish probable cause for his arrest. His claim stems directly from the incident for which he has been convicted in state court (namely, felony evading arrest), and represents a challenge to his conviction for that offense. A holding in Plaintiff's favor in this civil lawsuit would necessarily imply the invalidity of his conviction for evading arrest, as one of the prerequisites is that the suspect "intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him." TEX. PENAL CODE § 38.04. Plaintiff has not alleged his conviction has been reversed, expunged, invalidated, or otherwise called into question; in fact, a review of the procedural history in his case indicates just the opposite—the appeal of his conviction for felony evading arrest (which sprang from the incidents described in his complaint) is currently pending. *See Parker v.*

*State*, No. 03-08-000044-CR (Tex. App.–Austin). Plaintiff requests the Court stay this case during the pendency of his appeal. But this request must be denied, as the Court finds his claims are barred by *Heck*. The Court agrees with the Magistrate Judge it is therefore appropriate to dismiss those claims.[2]

### e. Excessive Force

Finally, Plaintiff has also failed to establish an excessive force claim. "To succeed on an excessive force claim [under 42 U.S.C. § 1983], a plaintiff bears the burden of showing (1) an injury (2) which resulted directly and only from the use of force that was excessive to the need, and (3) the force used was objectively unreasonable." *Glenn v. City*, of Tyler, 242 F.3d 307, 314 (5th Cir. 2001) (internal quotation marks omitted). Plaintiff does not allege he suffered any injury, physical or otherwise. This alone defeats his claims for excessive force. Furthermore, he has not shown the force used was objectively unreasonable, as he admits he was fleeing from the scene when shots were fired in his direction. Accordingly, Plaintiff's claim of excessive force is not a claim upon which relief can be granted, and summary judgment is appropriate.

### CONCLUSION

In accordance with the foregoing,

IT IS ORDERED that Plaintiff's claims against Travis County Sheriff's Department are DISMISSED WITH PREJUDICE pursuant to § 1915(e) for failure to state a claim upon which relief can be granted.

---

[2]This dismissal is without prejudice to refiling if and when the *Heck* conditions are met; namely, that his conviction or revocation or probation "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87.

IT IS FURTHER ORDERED that Plaintiff's false arrest claim is DISMISSED WITHOUT PREJUDICE TO REFILING once the conditions of *Heck* are met.

IT IS FURTHER ORDERED that Defendant Jonathan Gray's Motion for Summary Judgment [#24], Defendants Ted Knight and Sidney Parker's Motion for Summary Judgment [#25], and Defendant Bryan Whoolery's Motion for Summary Judgment [#26] are GRANTED.

IT IS FINALLY ORDERED that Plaintiff's Motion to Stay [#34] is DENIED.

SIGNED this the 30th day of November 2009.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE